United States District Court for the
District of Massachusetts

| | |
|---|---|
| CAVALIER COACH CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY FOXX, UNITED STATES SECRETARY OF TRANSPORTATION; ANNE S. FERRO, ADMINISTRATOR, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; RICHARD R. BATES, MASSACHUSETTS DIVISION ADMINISTRATOR, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; CURTIS L. THOMAS, EASTERN SERVICE CENTER REGIONAL FIELD ADMINISTRATOR, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; JOSEPH P. DELORENZO, DIRECTOR, OFFICE OF ENFORCEMENT AND COMPLIANCE, FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,<br><br>    Defendants. | Civil Action No. 1:14-cv-12499 |

**COMPLAINT FOR EX PARTE TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

  COMES NOW the Plaintiff, Cavalier Coach Corporation, and brings this Complaint for an Ex Parte Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against the Defendants, as follows:

PARTIES

1. The Plaintiff, Cavalier Coach Corporation ("Cavalier"), is a corporation, organized under the laws of the Commonwealth of Massachusetts, whose business address is 905 Massachusetts Avenue, Boston, Massachusetts 02118.

2. The Defendant, Anthony Foxx, is the United States Secretary of Transportation, whose office address is 1200 New Jersey Avenue, SE, Washington, DC 20590.

3. The Defendant, Anne S. Ferro, is the Administrator of the Federal Motor Carrier Safety Administration, whose office address is 1200 New Jersey Avenue, SE, Washington, DC 20590.

4. The Defendant, Richard R. Bates, is the Massachusetts Division Administrator of the Federal Motor Carrier Safety Administration, whose office address is 50 Mall Road, Suite 212, Burlington, MA 01803.

5. The Defendant, Curtis L. Thomas, is the Eastern Service Center Regional Field Administrator of the Federal Motor Carrier Safety Administration, whose office address is 802 Cromwell ark Drive, Suite N, Glen Burnie, MD 21061.

6. The Defendant, Joseph P. DeLorenzo, is the Director of the Office of Enforcement and Compliance, Federal Motor Carrier Safety Administration, whose office address is 1200 New Jersey Ave, SE, Washington, DC 20590.

## JURISDICTION

7. This Court has jurisdiction over the parties and the subject matter of this action pursuant to the Administrative Procedures Act, 5 U.S.C. §701, *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## FACTS

8. The Plaintiff is a motor carrier of passengers and conducts operations in interstate commerce using commercial motor vehicles. Its business includes operations as a franchisee of the Trailways Transportation System, Inc., under the name Cavalier Coach Trailways. Cavalier is a minority owned entity and has been in operation for over 26 years. It operates pursuant to operating authority registration issued by the Federal

Motor Carrier Safety Administration ("FMCSA"), a division of the United States Department of Transportation, pursuant to 49 U.S.C. §13902.

9. On April 25, 2014, FMCSA conducted a Compliance Review of Cavalier's operations, to determine if Cavalier was in violation of any applicable safety regulations. Prior to this review by FMCSA, Cavalier held a "Satisfactory" rating from FMCSA, which is the highest rating available. On April 30, 3014, FMCSA served a Notice of Proposed Conditional Rating ("the Notice") on Cavalier. The Notice identifies various violations on the part of Cavalier, and proposes to lower Cavalier's safety rating to "Conditional." No injuries or property damage resulted from any of these violations. Under 49 C.F.R. §385.11, the proposed rating will become final as to Cavalier on June 15, 2014. Cavalier may apply to modify the rating or obtain administrative review of the proposed or final safety rating; however, there is no express requirement that FMCSA respond to such a request for administrative review before the "Conditional" safety rating becomes final. 49 C.F.R. §§385.15 and 385.17.  There is no express provision for a stay or an opportunity for the motor carrier to obtain an administrative determination regarding a proposed "Conditional" safety rating before it becomes final.

10. Cavalier's "Satisfactory" rating has allowed Cavalier to obtain an "Approved" rating from the Transportation Safety Exchange ("TSX"), a private organization that conducts safety reviews of common carriers. The TSX "Approved" rating allows Cavalier to bid on college contracts and sporting events. A downgrade of Cavalier's FMCSA rating to "Conditional" would cause the loss of Cavalier's TSX "Approved" rating. It would also cause Cavalier to lose its rating with the U.S. Department of Defense ("DoD"), which allows Cavalier to obtain significant DoD business. The loss of the FMCSA "Satisfactory" rating would also cause the loss of Cavalier's Trailways' franchise. The

rating downgrade would prevent Cavalier from obtaining business related to major events in the Boston area that it currently services, including the Boston Marathon, the NSTAR Walk for Children's Hospital, Best Buddies charity walks and bike rides, Harvard University events, and many more.

11. In response to the Notice, on May 15, 2014 (within 15 days of service of the Notice), Cavalier submitted a comprehensive Corrective Action Plan to FMCSA. The Plan addresses every violation noted in the Notice, together with revised policies and procedures to insure that such violations are not repeated. On May 18, 2014, Cavalier submitted a new substance abuse policies and procedures (the proposed Corrective Action Plan and the substance abuse policies and procedures are referred to collectively as "the Plan"). All of the components of the Plan have now been implemented by Cavalier. FMSCA specifically requested that proposed corrective action plans be submitted within 15 days of the Notice, in order to give FMSCA 30 days to review and respond to the Plan. Within the specified 15 days, on May 15, 2014, Cavalier submitted the Plan and requested that FMCSA respond to the Plan and withdraw the proposed "Conditional" rating for Cavalier before it becomes final on June 15, 2014. Despite 30 days' notice prior to the rating becoming final, FMCSA has not responded to the Plan, nor withdrawn the proposed "Conditional" rating for Cavalier.

12. Cavalier's counsel has made multiple attempts to contact FMCSA to discuss withdrawal of the proposed Conditional rating. After submitting the Plan on May 15, 2014, counsel repeatedly attempted to contact FMCSA by telephone. On May 30, 2014, counsel advised FMSCA of the dire consequences to Cavalier if the "Conditional" rating were to become final. On June 3, 2014, counsel again attempted to contact FMCSA by email, with no response from FMCSA.  On June 4, 2014, Cavalier submitted a formal request

for a 10 day extension of time regarding the finality of the "Conditional" rating for Cavalier. On June 12, 2014, counsel for Cavalier received a letter from Curtis L. Thomas, Regional Field Administrator for FMCSA, in response to this request, which indicated that the "Conditional" rating would become final on June 15, 2014, and further indicated that FMCSA would not act on Cavalier's request to upgrade its safety rating before the June 15, 2014 deadline.

13. If the proposed "Conditional" rating for Cavalier becomes final on June 15, 2014, the results for Cavalier would be catastrophic. Cavalier would lose all of the business described above, which constitutes its core business, and would be forced to cease operations and close.

## COUNT FOR INJUNCTIVE RELIEF

14. Plaintiff requests that this Court grant a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction for the following reasons:

    (a) Defendants' actions deprived the Plaintiff of the due process of law;

    (b) Defendants' actions failed to give the Plaintiff adequate notice and an opportunity to be heard regarding the charges against it;

    (c) Defendants' actions violated FMCSA's own regulations;

    (d) Defendants' actions in allowing the proposed "Conditional" rating to become final are not supported by available evidence.

## REQUEST FOR RELIEF

THEREFORE, Plaintiff respectfully requests the following relief:

a. A Temporary Restraining Order, enjoining the Defendants from allowing the proposed "Conditional" safety rating for Cavalier to become final;

b. A Preliminary Injunction, enjoining the Defendants from allowing the proposed "Conditional" safety rating for Cavalier to become final until FMCSA has completed its administrative review and engaged in a good faith dialogue with Cavalier regarding its proposed corrective Action Plan;

c. A Permanent Injunction, enjoining the Defendants from changing Cavalier's "Satisfactory" safety rating based upon any of the violations described in the Notice and ordering the Defendants to engage in a good faith dialogue with Cavalier regarding its proposed Corrective Action Plan.

d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Plaintiff Cavalier Coach Corporation,
Date: June 12, 2014                  By its Attorneys,


 /s/Joseph H. Aronson
Joseph H. Aronson   [BBO #022070]
Gerald S. Frim (BBO #656204]
**THE MCCORMACK FIRM, LLC**
One International Place
Boston, MA 02110
Ph:  (617) 951-2929
Fax: (617) 951-2672
E-Mail: jaronson@mccormackfirm.com
           gfrim@mccormackfirm.com

206550_1