UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAVALIER COACH CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ANTHONY FOXX, United States Secretary | * | |
| of Transportation; ANNE S. FERRO, | * | |
| Administrator, Federal Motor Carrier | * | |
| Safety Administration; RICHARD R. | * | |
| BATES, Massachusetts Division | * | Civil Action No. 14-cv-12499-IT |
| Administrator, Federal Motor Carrier | * | |
| Safety Administration; CURTIS L. | * | |
| THOMAS, Eastern Service Center | * | |
| Regional Field Administrator, Federal | * | |
| Motor Carrier Safety Administration; | * | |
| and JOSEPH P. DELORENZO, Director, | * | |
| Office of Enforcement and Compliance, | * | |
| Federal Motor Carrier Safety Administration, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

June 13, 2014

TALWANI, D.J.

This case came before this court for a hearing on Plaintiff's <u>Motion for Ex Parte Temporary Restraining Order, Preliminary Injunction and Permanent Injunction</u> [#3]. For the reasons set forth below, the motion is treated as one for preliminary injunction and is DENIED.

I.      <u>Standard of Review</u>

A plaintiff seeking the issuance of a temporary restraining order or preliminary injunction bears the burden of demonstrating: (1) that it has a substantial likelihood of success on the merits; (2) there is a threat of irreparable harm if an injunction does not issue; (3) the balance of hardships between the parties weighs in the plaintiff's favor; and (4) that granting the injunction

would not conflict with the public interest. Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir 2002). A preliminary injunction or temporary restraining order is an "extraordinary remedy" that may only be entered if the plaintiff makes a clear showing that it is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

II.  The Regulatory Framework

Congress tasked the Secretary of Transportation with determining whether a motor carrier is fit to safely operate commercial motor vehicles. The Secretary has delegated that authority to the Federal Motor Carrier Safety Administration ("FMCSA"). The FMCSA has in turn established fitness determination procedures. Under the framework that the FMCSA has established, a motor carrier is either classified as "unrated" or assigned one of three fitness ratings. The three ratings are: (1) "satisfactory," (2) "conditional," or (3) "unsatisfactory." 49 C.F.R. § 385.3.

"Satisfactory" means that the motor carrier "has in place and functioning adequate safety management controls to meet the safety fitness standard prescribed in § 385.5." Id. "Conditional" means that the motor carrier "does not have adequate safety management controls in place to ensure compliance with the safety fitness standard that *could* result in occurrences listed in § 385.5(a) through (k)." Id. (emphasis added). Finally, "unsatisfactory" means that the motor carrier "does not have adequate safety management controls in place to ensure compliance with the safety fitness standard which *has* resulted in occurrences listed in § 385.5(a) through (k)." Id. (emphasis added). When a motor carrier is assigned a proposed rating of unsatisfactory, it is

generally automatically prohibited from operating motor vehicles in interstate commerce after the rating becomes final. Id. § 385.13(a). Similar restrictions are not imposed on motor carriers when a conditional rating becomes final. Instead, motor carriers receiving a conditional rating are allowed to continue their operations.

Ratings are assigned in large part based on information that is collected during compliance reviews conducted by FMCSA. After the FMCSA conducts a compliance review, it must notify the motor carrier of any resulting rating changes within thirty days. Id. § 385.11(a). If the motor carrier is in the business of transporting passengers, a proposed rating of unsatisfactory or conditional becomes final after forty-five days. Id. § 385.11(c)(1). A motor carrier seeking to dispute or change a rating has two options. A motor carrier can request that the FMCSA conduct an administrative review of the decision. Id. § 385.11(e). Alternatively, the motor carrier can request a change of a final or proposed rating based upon corrective actions. Id. § 385.11(f).

If the motor carrier transports passengers and has been assigned a proposed rating of unsatisfactory, the FMCSA is required to complete administrative review or review of a rating change request within thirty days. Id. §§ 385.15(e)(1) and 385.17(e)(1). If, on the other hand, a motor carrier is assigned a proposed rating of conditional, the regulations do not impose any time within which the FMCSA must complete administrative review or review of a rating change request.

III. Analysis

    A. Plaintiff Cavalier Coach Corporation Fails to Show A Likelihood of Success on the Merits

The facts relevant to Cavalier's likelihood of success on the merits are drawn from the complaint and supporting exhibits. On April 25, 2014, the FMCSA conducted a compliance

3

review of Cavalier's operations in order to determine whether Cavalier was in violation of any applicable safety regulations. Prior to the review Cavalier held a rating of satisfactory. On April 30, the FMCSA served a Notice of Proposed Conditional Rating ("Notice") on Cavalier. The Notice identified a number of safety violations. The Notice further stated that the FMCSA was assigning Cavalier a proposed safety rating of conditional. The proposed rating is to become final on June 15, 2014.

On May 15, 2014, Cavalier submitted, in response to the Notice, a comprehensive corrective action plan to the FMCSA. Cavalier asserts that the plan addresses every violation identified in the Notice and includes revised policies and procedures to ensure that violations do not occur again in the future. On May 18, 2014, Cavalier submitted a new substance abuse policy. Cavalier asserts that it has now implemented all of the components of the action plan and substance abuse policy. When Cavalier submitted the plan on May 15, it requested that the agency withdraw its proposed rating change before it becomes final. On June 12, 2014, Cavalier received a letter from the FMCSA's Regional Field Administrator denying Cavalier's request to postpone the date on which the conditional rating will become final.

Cavalier argues that the FMCSA is violating the Administrative Procedure Act and its own regulations by failing to consider Cavalier's request for a rating change in a timely manner or, alternatively, by refusing to grant Cavalier a temporary extension of time before which the rating will become final. Cavalier's argument finds no support anywhere in the regulations governing the FMCSA's safety ratings and review process. With respect to Cavalier's contention that the FMCSA should grant it an extension of time before the rating becomes final, there is simply no regulatory or statutory provision that enables the agency to grant such an extension.

4

Cavalier was assigned a proposed rating of conditional rather than a proposed rating of unsatisfactory. The regulatory scheme discussed above provides significantly greater procedural safeguards in connection with a proposed rating of unsatisfactory, commensurate with the greater penalties associated with that rating. See id. § 385.13(a). Because Cavalier received a proposed rating of conditional, no statute or regulation specifies a time period within which the FMCSA must act.

Moreover, insofar as Cavalier argues that the FMCSA has failed to provide it with due process, Cavalier fails to show a likelihood of success on the merits. Cavalier had, and still has, the option to pursue *both* administrative review of the FMCSA's safety rating assessment and the rating change process. Cavalier has consciously elected to seek only the latter. The FMCSA notified Cavalier of its violation and its right to seek administrative review in the Notice. Cavalier thus fails to show how it has been deprived of due process. Ultimately, Cavalier argues that the FMCSA should be required to complete review of requests to change conditional ratings in the same time frame applicable to review of unsatisfactory ratings but fails to cite any legal authority to support such a requirement.

For the foregoing reasons, the court finds that Cavalier has no substantial likelihood of succeeding on the merits.

    B.    <u>Cavalier Fails to Establish a Threat of Irreparable Harm</u>

Under the regulatory scheme, a proposed conditional rating, unlike an unsatisfactory rating, does not prevent the Cavalier from operating its business. Moreover, Cavalier does not dispute that the proposed conditional rating was warranted based on the violations identified by the defendants.

5

Cavalier nonetheless asserts that the defendants' failure to allow it to improve the proposed conditional rating before that rating becomes final would cause it irreparable harm. Cavalier contends that the conditional rating will cause loss of an "approved" rating from the Transportation Safety Exchange ("TSX"), a private organization that conducts safety reviews of common carriers. The "approved" rating allegedly allows Cavalier to bid on college contracts and sporting events. Cavalier also asserts that the conditional rating would cause Cavalier to lose its rating with the United States Department of Defense, which Cavalier contends allows it to obtain significant Department of Defense business. Cavalier contends further that the loss of the "Satisfactory" rating would also cause the loss of its franchise with Trailways Transportation System, Inc., and would prevent Cavalier from obtaining business related to major event in the Boston area that it currently services. Cavalier's evidentiary support for these claims consists only of the Affidavit of its President and CEO setting forth these predictions.

A plaintiff alleging irreparable harm must show more than a "tenuous or overly speculative forecast of anticipated harm." Ross-Simons of Warwick v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996). Here, Cavalier's forecast of anticipated harm resulting from the conditional rating becoming final fails to include sufficient facts to support the prediction. Cavalier's papers do not indicate that it is required to report the change in rating to TSX, or how the change will cause it to lose its Trailways franchise, or that the change in rating will affect its current DOD contracts, or will prevent it from bidding on new contracts, or that Cavalier will be prevented from obtaining business related to events in Boston.

At the hearing, Cavalier's counsel represented his client's position that such requirements establishing the link between the "conditional rating" and the anticipated harm are set forth in the

6

contracts between Cavalier and various third parties. Those contracts, however, were not part of the evidentiary record before the court.

### C. The Public Interest is Served by Denying the Injunction

Here, Cavalier has not challenged the underlying findings by the agency that resulted in the proposed conditional rating. Instead, Cavalier claims that defendants have not acted quickly enough in reviewing its plan to remedy those violations, while defendants explain that they need time to conduct an appropriate review of Cavalier's remediation efforts. The statutory and regulatory scheme reflect the public interest in ensuring that motor carriers comply with safety regulations and that the public has notice of the carriers' failure to comply. Here, where Cavalier does not dispute that it was operating in violation of the safety regulations, the public interest weighs in favor of denying the injunction.

### D. The Balance of the Equities Weighs in Favor of Denying the Injunction

Given Cavalier's failure to demonstrate a likelihood of success on the merits, the absence of adequate evidentiary support for the claimed irreparable harm, and the public interest in motor carrier safety, the balance of equities weighs in favor of denying the injunction.

## VII. The Motion Will Be Treated as a Motion for Preliminary Injunction

Cavalier's motion is entitled Motion for an Ex Parte Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. Upon Cavalier's filing of the motion ex parte, the court directed service on defendants, and copies of the motion and supporting documents were provided to the defendants. Defendants filed a brief in opposition and counsel for both parties had the opportunity to make oral presentations at the hearing on the motion. In light of the court's view that Cavalier has failed to show a likelihood of success on the merits, the parties agreed that the court's order would effectively deny relief, and accordingly would be issued as a

denial of the motion for a preliminary injunction.  See Coal. for Basic Human Needs v. King, 654 F.2d 838, 839 (1st Cir. 1981).

VIII.   Conclusion

For the foregoing reasons, the motion for a temporary restraining order and preliminary injunction is hereby DENIED.

IT IS SO ORDERED.

                                      /s/ Indira Talwani
                                      United States District Judge